UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MICHAEL LAFOGG, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-cv-01509 |
| | ) | Judge Trauger |
| HANNAH MAE ANDERSON, | ) | |
| | ) | |
|     Defendant. | ) | |

# M E M O R A N D U M   A N D   O R D E R

The plaintiff, Christopher Michael LaFogg, is a pre-trial detainee at the Robertson County Detention Facility in Springfield, Tennessee. He has filed *pro se* a prisoner complaint (Doc. No. 1) under 42 U.S.C. § 1983 and an application (Doc. No. 2) to proceed in forma pauperis.

It appears from the application that the plaintiff lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, plaintiff's application is **GRANTED**. The Clerk will file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

Plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust

1

account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The plaintiff brings this action against Hannah Mae Anderson, a resident of Greenbrier, Tennessee, seeking injunctive relief and damages. On November 9, 2017, the plaintiff was arrested and charged with especially aggravated kidnapping, aggravated kidnapping, domestic assault and domestic abuse. Doc. No. 1 at 6. He claims that the defendant filed a false police report "out of revenge" that led to the arrest. *Id* at 5. More specifically, the plaintiff alleges that the defendant made up the charges against him because he spoke with other women and refused to have sex with her. *Id* at 6.

To state a claim for relief under § 1983, the plaintiff must allege facts showing that the defendant, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." United States v. Classic, 313 U.S. 299, 326 (1941). The defendant is a private citizen who was not "clothed with the authority of state law" when she allegedly filed a false police report. The "under color of state law" element of a § 1983 action excludes from its reach merely private conduct, no matter how discriminatory or wrongful. American Mfrs. Mutual Ins. Co. v. Sullivan, 526 U.S. 40,

50 (1999). In any event, the filing of an allegedly false police report "alone does not deprive a person of a constitutional right." White v. Tamlyn, 961 F.Supp. 1047, 1056 (E.D. Mich. 1997). As a consequence, the plaintiff has failed to state a claim upon which § 1983 relief can be granted.

Accordingly, this action is hereby **DISMISSED.** 28 U.S.C. § 1915(e)(2). An appeal of the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the plaintiff is **NOT** certified to pursue an appeal of this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

Nevertheless, should the plaintiff decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate filing fee of five hundred five dollars ($505.00) or submit a new application to proceed in forma pauperis with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601, 609 (6th Cir. 1997), *abrogated on other grounds,* LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013).

The Clerk is directed to send a copy of this Order to the Sheriff of Robertson County to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the judgment in this action.

It is so **ORDERED**.

                                                        Aleta A. Trauger
                                                        United States District Judge